433 So.2d 1388 (1983)
P & C THOMPSON BROS. CONSTRUCTION COMPANY, a Florida Corporation, and Walton T. Locke, Appellants,
v.
Wayne O. ROWE d/b/a Rowe Electrical Service, Appellee.
No. 82-1137.
District Court of Appeal of Florida, Fifth District.
July 14, 1983.
H.D. Robuck, Jr., of Cauthen, Robuck & Hennings, P.A., Tavares, for appellants.
C. Valentine Bates of Bates & Costello, Gainesville, for appellee.
COBB, Judge.
This appeal is from a final judgment which, inter alia, refused enforcement of both a liquidated damage clause and an attorney's fee provision in a subcontract agreement. We affirm.
The cause arose from a damage action brought by a subcontractor (Rowe) against the general contractor (Thompson), who had a construction contract to build two community activity centers for the School Board in Sumter County. Thompson was to have completed construction by September 1, 1977. Work under the subcontract by Rowe was to have been completed by August 15, 1977.
The buildings were not completed until September 30, 1977, which resulted in Thompson having to pay delay damages of $9,000 to the school board. He passed this loss along to the subcontractors, including Rowe, as well as charging them delay costs pursuant to liquidated damage provisions in the subcontracts themselves.
Rowe, as plaintiff, sued Thompson for work done under his subcontract for an amount in excess of $11,000. Thompson asserted as a set-off the amount of $2,250 (Rowe's one-quarter share of the owner-reimbursed damages of $9,000), actual damages of $738.35, and an additional $7,500 pursuant to the liquidated damage provision (30 days at $250 per day).
The trial court refused to allow any set-off by Thompson in regard to the liquidated damage clause, finding that "to allow damages under both Paragraph Third (damages Thompson had to pay to the owner for the delay) and Paragraph Fourth of the subcontract agreement between the litigants would be inequitable and unreasonable." The trial court made no finding that the liquidated damage provision was a penalty; rather, the trial court merely held that enforcing the provision would be inequitable.
*1389 The damages Thompson recovered from the other subcontractors, together with his damages from Rowe, exclusive of the $7,500 liquidated damage claim, aggregated a sum approximately $700 in excess of the actual damages suffered by Thompson as a result of the delayed completion date. Therefore, if recovery of the additional amount had been allowed, Thompson would have received a windfall of some $8,000 because of the delay. The trial court's finding that enforcement of the clause would be inequitable is correct, based upon the reasoning of Hutchison v. Tompkins, 259 So.2d 129 (Fla. 1972), which allows for relief against the forfeiture of liquidated damages if it appears unconscionable in light of the circumstances existing at the time of the breach. See also McNorton v. Pan American Bank of Orlando, 387 So.2d 393 (Fla. 5th DCA 1980), review denied, 392 So.2d 1377 (Fla. 1981).
The court also refused to enforce the contract provision relating to attorney's fees. The court ordered both parties to pay their own costs, finding that while the clause was valid and reasonable, it would cause an unjust result if applied in the instant case.
The provision reads as follows:
Eighteenth: In the event the contractor shall bring suit against the subcontractor for breach of this contract and procure judgment against subcontractor and/or his surety then the contractor shall collect all costs and a reasonable attorney's fee from said subcontractor, or in the event the subcontractor shall bring suit against the contractor and/or the contractor's surety and shall not recover the full amount for which the subcontractor sues, then the contractor and/or the surety shall have the right to recover a reasonable attorney's fee from the subcontractor for defending said suit, together with all costs expended by the contractor and/or surety. [Emphasis added.]
Thompson contends that the trial court's ruling is an interference with the basic right to contract, whereas Rowe contends that the provision is unconscionable and was properly not enforced by the trial court.
The provision in the instant case requires the subcontractor to pay attorney's fees if he loses in an action with the general contractor. This portion of the provision is proper, and represents the view that the costs follow the results of the litigation. See Hendry Tractor Co. v. Fernandez, 432 So.2d 1315 (Fla. 1983); Schwartz v. Zaconick, 74 So.2d 108 (Fla. 1954). The second portion of the provision, however, requires that the subcontractor pay the fees in any action he brings against the contractor, in which he does not recover the full amount for which he sues. This provision is contrary to the general rule of allowing the "prevailing party" to be awarded costs, and can be seen as being contrary to public policy. A possible result under a provision like this is that a subcontractor may actually prevail on the great bulk of his claim, but because of a minor set-off in some manner, he will be forced to pay fees to the contractor.
In the instant case, Rowe is indeed the prevailing party, since he has recovered most of the monies he sought from Thompson with the exception of approximately $3,000 taken off for delay and actual damages. Clearly, to force Rowe to pay attorney's fees here would be improper. See: Kendall East Estates, Inc. v. Banks, 386 So.2d 1245 (Fla. 3d DCA 1980).
A provision such as this is contrary to the legislative policy underlying section 57.105, Florida Statutes (1981),[1] which is to discourage *1390 baseless claims, stonewall defenses and sham pleadings in civil actions by placing a price tag via attorney's fees on the losing party. See Steinhardt v. Eastern Shores White House Ass'n., Inc., 413 So.2d 785 (Fla. 3d DCA 1982). Under the intent of that section, the provision herein should be construed to only allow for attorney's fees to the prevailing party. Under that interpretation, the trial court acted properly in denying the recovery of attorney's fees to Thompson.
AFFIRMED.
DAUKSCH and FRANK D. UPCHURCH, JJ., concur.
NOTES
[1] Section 57.105 states:

The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party. [Emphasis added.]